UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-CR-20039-ALTONAGA

UNITED STATES OF AMERICA

vs.

OSVALDO VILLEGAS RIVERA,

      **Defendant.**

_____/,

## GOVERNMENT SENTENCING MEMORANDUM

The United States Attorney's Office for the Southern District of Florida and the Money Laundering and Asset Recovery Section of the United States Department of Justice Criminal Division ("together, the Government") hereby submit this memorandum regarding the sentencing of defendant Osvaldo Villegas Rivera, currently scheduled for 9:30 a.m. on October 28, 2022. This filing also serves as the Government's response to the defendant's Objections to the Presentence Investigation Report (PSR) filed on August 25, 2022, as Docket Number 60.

As further detailed below, the Government's position on sentencing is best represented by the terms and conditions of the plea agreement, filed on July 5, 2022, as Docket Number 55. The parties agreed in paragraph 2 of said agreement "to jointly recommend to the Court… [a] total adjusted Sentencing Guidelines offense level [of] 29." Dkt. 55 at 2. In accord with the criminal history category of IV calculated by the United States Probation Office in the Presentence Investigation Report (Dkt. 71 at para. 42), the Government avers that the applicable guideline range is 121 to 151 months. *See Sentencing Table*, pg. 407, Ch. 5 Pt. A, <u>United States Sentencing Guidelines Manual</u>, November 1, 2021. Based on those calculations, and in fulfillment of its agreement to "recommend the low-end of the advisory guideline range," the Government seeks a

sentence of 121 months imprisonment be imposed upon the defendant. Dkt 55 at 3. The Government is not seeking forfeiture or restitution.

## I. Background

Prior to his arrest in Puerto Rico by the Drug Enforcement Administration (DEA) on February 22, 2022, the defendant had been indicted by a Federal grand jury for a single count of conspiracy to launder monetary instruments, a violation of Title 18, United States Code, Section 1956(h); with controlled substance violations as the underlying specified unlawful activity. Dkt. 3. The defendant plead guilty to the indictment on July 5, 2022. Dkt. 54.

As part of his guilty plea, the defendant admitted, among other things, to conspiring with others to launder over $2.5 million from the New York-New Jersey area through Miami and on to Venezuela. Dkt. 56 at 1. The defendant further admitted that the laundered funds consisted of five shipments of bulk cash picked up by a network of couriers employed by the conspirators. *Id.* The defendant admitted that he knew all the cash was traceable to cocaine sales. *Id.* at 2.

If this case were to have proceeded to trial, the Government would have proven the defendant's crimes through direct testimony from eyewitnesses of the bulk cash transfers, including several totaling over $1 million that were seized by agents of the DEA. At trial the Government would also have used lengthy DEA recordings of incriminating statements made by the defendant prior to his arrest. On the recordings, the defendant makes detailed admissions about the conspiracy, such as acknowledging the seizures by DEA and by confirming that the origin of the laundered funds was drug sales.

U.S. Probation Officer Kira Harmeling conducted a presentence investigation of the defendant and filed the final report and addendum on October 17, 2022. Dkt. 71. The Government

filed no objections. The defendant had filed objections to the draft report on August 25, 2022. Dkt. 60.

Regarding the defendant's objections to the PSR, the Government submits that the Court should adopt the parties recommended adjusted offense level 29. However, the Court should deny the defendant's objections as they related to his criminal history category IV. The United States adopts the position of the U.S. Probation Office's determination that, pursuant to U.S.S.G. § 4A1.2(a)(2), the defendant's convictions listed in PSR paragraphs 39 and 40 are counted separately if there is no intervening arrest unless: "(A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." See U.S.S.G. § 4A1.2(a)(2). As neither A nor B apply, the Sentencing Guidelines instruct that these particular convictions are counted separately for purposes of determining the defendant's criminal history.

## II.     3553 Factors

The Government objects to any request by the defendant for any reduction in sentence below the applicable guideline range pursuant to 18 U.S.C. § 3553 or any other basis. Nothing put forth in the defendant's sentencing memorandum warrants serious consideration of a sentence reduction by the Court. There is no, "mitigating circumstance of a kind, or a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described" in 18 U.S.C. § 3553(a)(4). 18 U.S.C. § 3553(b). The defendant's conspiracy to launder cocaine proceeds out of the United States was deliberate and took place during a span of approximately two years. It required careful planning by the defendant and included the use of a network of couriers that had to be organized and directed.

Furthermore, as noted on pages 12 to 18 of the Presentence Investigation Report, the defendant has already been convicted and served multiple, lengthy prison sentences for prior drug

3

distribution and money laundering offenses. Dkt. 71. This illustrates that the defendant's recent crimes were carried out despite full knowledge of the potential consequences currently being considered by the Court. The Court should therefore impose the Government's guideline recommendation so that the final sentence reflects the seriousness of laundering drug proceeds, and will deter others from coming to the Southern District of Florida to conduct such criminal conduct. 18 U.S.C. § 3553(a)(2)(B). Following the Government's recommendation would promote respect for the United States' drug and anti-money laundering laws, as well as provide a just punishment for a significant criminal offense. 18 U.S.C. § 3553(a)(2)(A).

### III.     Government's Position on Downward Departure

In his Objections to the Presentence Investigation Report, the defendant cites U.S.S.G. § 4A1.3(b)(1)'s downward departure provision for consideration by the Court. The Government objects and urges the court to reject a downward departure as inappropriate. U.S.S.G. § 4A1.3(b)(1) is reserved only where, a "defendant's criminal history category substantially overrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Here, the defendant's criminal history is well placed in category IV as it includes major drug distribution and money laundering offenses. Dkt. 71 at 12-18. These crimes are serious and harmful to society. The defendant's criminal history also reflects a record of convictions similar and relevant to the crime before the court today.

The defendant did not receive criminal history points for his drug-related convictions listed in Paragraphs 37 and 38. If anything, the Guidelines highlight that an upward departure may be warranted concerning "[p]rior sentence(s) not used in computing the criminal history category. See U.S.S.G. § 4A1.3(a)(2)(A). As the Court can observe, the defendant's criminal history is replete with drug trafficking and money laundering of drug proceeds.

Accordingly, no downward departure of any kind should be granted by the Court.

### IV. Conclusion

For the foregoing reasons, the Government seeks a prison sentence of 121 months, which represents the lowest end of the applicable guideline range of 121 to 151 months.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:     */s/ Robert J. Emery*
Robert J. Emery
Assistant United States Attorney
Florida Bar No. 152579
99 Northeast 4th Street
Miami, Florida 33132-2111
(305) 961-9421

and

BRENT S. WIBLE
ACTING CHIEF, MONEY LAUNDERING AND
ASSET RECOVERY SECTION

By:     */s/ Joseph Palazzo*
Joseph Palazzo
U.S. Department of Justice Trial Attorney
SDFL Bar No. A5502141
1400 New York Avenue, N.W. – 10th Floor
Washington, D.C. 20005
(202) 514-1263
joseph.palazzo@usdoj.gov

Dated: October 27, 2022